# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| In re JESSE TUCKER<br>and<br>DEBORAH TUCKER,<br><br>　　　　Debtors. | Bankruptcy No.  10-B-70321<br>Chapter 7<br>Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of creditor Joe Cooling & Sons, Inc. (the

"Movant") for relief from the automatic stay.  For the reasons set forth herein, the Movant's motion

is denied.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal

Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## FACTUAL BACKGROUND

The central facts do not appear to be in dispute.  The Movant obtained a judgment against

Co-Debtor Jesse Tucker in November 2009 in Winnebago County, which, together with interest and

costs, had a balance of $5,377.07 as of January 28, 2010.  Mr. Tucker's wife, Co-Debtor Deborah

Tucker, was not liable on that judgment. The Debtors have a joint account at Associated Bank, N.A.

("Associated Bank"), and the Movant served a citation to discover assets on Associated Bank on

January 22, 2010, in order to enforce the judgment against Mr. Tucker. The Debtors filed their

bankruptcy petition on January 28, 2010, prior to the hearing scheduled in state court on the citation

to discover assets. The Movant filed the current motion with this Court on February 12, 2010,

asking the Court to lift the automatic stay to allow the Movant to pursue a turnover of the funds in

the joint account through the citation proceedings in the state court.

## DISCUSSION

### I. The Judgment Lien

In Illinois, civil judgments are enforced through supplementary proceedings pursuant to 735

ILCS § 5/2-1402. The proceeding is initiated by the service of a citation to discover assets. After

the citation is served, the judgment becomes a lien on all non-exempt personal property belonging

to the judgment debtor. 735 ILCS §5/2-1402(m) (West 2010). While the Illinois statute provides

for a proceeding in which the judgment debtor has the right to declare certain income or assets

exempt, the lien is considered perfected as of the date of service of the citation. Cacok v. Covington,

111 F.3d 52, 54 (7th Cir. 1997); In re Porayko, No. 09-B-29262, 2010 WL 1253949, at *2 (Bankr.

N.D. Ill. Mar. 30, 2010) (Hollis, J.). The Movant seeks to enforce its judgment lien against the

account at Associated Bank through the state court proceeding, and therefore filed a motion for relief

from the automatic stay with this Court. The Debtors object that the Movant has no interest in at

least a portion of the account because the citation lien did not attach to that portion, so that granting

relief from the stay would not be proper under Section 362(d) of the Bankruptcy Code. They argue

that the lien did not attach to certain funds in the account either because such funds constituted the

sole property of Mrs. Tucker, who was not a judgment debtor, or because such funds were exempt

from judgment under the Illinois exemption statute.

## II. Ownership of the Funds in the Joint Account

Under Illinois law, there is a presumption that each owner of a joint account owns all funds

in that account, and therefore a movant establishes a prima facie case that any money in an account

belongs to a debtor when he shows that the money was in a joint account for which the debtor is one

of the joint owners. See In re Cloe, 336 B.R. 762, 764 (Bankr. C.D. Ill. 2006) (Gorman, J.) (citing

Society of Lloyd's v. Collins, 284 F.3d 727, 730 (7th Cir. 2002)). The parties do not dispute that the

account at Associated Bank is a joint account owned jointly by Mr. and Mrs. Tucker.

The burden then shifts to the other party to the joint account to prove what part, if any, of the

funds in the joint account belong solely to the non-debtor joint owner. Id. (citing Leaf v. McGowan,

141 N.E.2d 67, 71 (Ill. App. Ct. 1957)).[1] Factors used in determining the ownership of funds in a

joint account include: 1. control over the funds in the account, 2. contribution of funds to the account

by each party, 3. whether any contribution by one party constituted a gift to the others, 4. who paid

---

[1] A deposit bank usually has stronger rights than a judgment debtor in this respect. The deposit bank can normally rely on the deposit agreement for set-off rights. If the agreement is not ambiguous, then parol evidence is not allowed. See, e.g., In re Dame, 268 B.R. 529 (Bankr. S.D. Ill. 2001). But, since the Movant is a judgment creditor, it cannot rely on the deposit agreement for its rights, and evidence to rebut the presumption of joint ownership of funds is permitted.

taxes on the earnings from the account, and 5. the purpose for which the account was established.

Highsmith v. Dep't of Public Aid, 803 N.E.2d 652 (Ill. App. Ct. 2004) (internal citations omitted).

Here, the Debtors assert that $3,830.07 out of the $5,236 in the account are solely non-judgment debtor Deborah Tucker's property. To support this, the Debtors assert that Deborah Tucker deposited a $3,830.07 check constituting the proceeds of her mother's life insurance policy into the joint account one week before the citation was served.[2] However, the Debtors have offered no other evidence to demonstrate that the Debtors treated any portion of funds in the account as other than joint property, equally available to either spouse. The source of funds is one factor in overcoming the presumption of a donative intent, but it is not dispositive. As such, the Debtors have not met their burden of proof, and none of the funds will be treated as allocated solely to either spouse. Therefore, the Movant's lien reaches all of the funds in the account that are not exempt.

## III. Exemptions

Under 735 ILCS §5/2-1402(m), the lien created by the citation procedure "binds nonexempt personal property … of the judgment debtor." It is clear from the statutory language that the lien binds only property of the judgment debtor, but it is not clear whether the term "nonexempt" refers only to exemptions claimed by such judgment debtor or if it includes exemptions asserted by a joint owner of the property who is not a judgment debtor. This appears to be a question of first impression.

---

[2] The Debtors do not claim that the funds deserve special treatment because of their nature as proceeds of an insurance policy. They only claim that the fact that the funds are traceable to the proceeds of a policy for which Mrs. Tucker was the beneficiary demonstrates that the funds were Mrs. Tucker's property.

In the Debtors' bankruptcy schedules, they listed the full balance of $5,236.00 in the joint account as exempt under 735 ILCS 5 §12-1001(b), and also listed their full interest of $1,880.00 in household goods and furnishings under the same exemption. 735 ILCS 5 §12-1001(b) provides an exemption in personal property from judgment, attachment, or distress for rent for "[t]he debtor's equity interest, not to exceed $4,000 in value, in any other property." For purposes of bankruptcy law, the Debtors have validly claimed an exemption in the full amount of the joint account. The Tuckers are joint debtors in the bankruptcy case, and under Section 522(m) can each utilize their own wild card exemption. 11 U.S.C.A. § 522(m) ("Subject to the limitation in subsection (b), this section shall apply separately with respect to each debtor in a joint case."). While there is some disagreement among the circuits over whether states have the <u>power</u> to limit joint debtors to a single set of exemptions, <u>see e.g.</u> 4 <u>Collier on Bankruptcy</u> ¶ 522-29 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2009) (Rel. 112-12/2009), there is no indication in Illinois' statutory language that Illinois has attempted to make such a limitation. 735 ILCS 5 §12-1001(b) makes no reference to joint debtors. Nor have the Debtors exceeded their $8,000 combined wild card exemption. Additionally, neither the Trustee nor any creditor has objected to the Debtors' claimed exemption in the account. Therefore, for bankruptcy purposes, the joint account is exempt from the Debtors' estate.

However, the key question is not whether the account is property of the estate.[3] The question is whether the Movant has a valid lien, and that question hinges on whether the funds in the account are "exempt" for purposes of 735 ILCS §5/2-1402(m).

---

[3]Though, as noted below, the issue <u>is</u> relevant to whether an otherwise valid judicial lien can be avoided under Section 522(f).

It is undisputed that at least a portion of the funds in the account are exempt from judgment under Illinois law, and therefore not subject to the citation lien. Mr. Tucker, as judgment debtor, may assert his own wild card exemption for purposes of 735 ILCS §5/2-1402(m). The exemption was claimed in the Debtors' bankruptcy schedules, and the Movant has not objected.[4] Under 735 ILCS 5 §12-1001(b), Mr. Tucker has a right to exempt up to $4,000 of his personal property. He has a full undivided interest in the joint account and may apply the full $4,000 exemption against the funds in the account. Just as the Movant is not limited to seeking enforcement against half the value in the account, Mr. Tucker is not limited to claiming an exemption in half the value in the account. See In re Browning, No. 10-70066, 2010 WL 1541629, at *2 (Bankr. C.D. Ill. Apr. 19, 2010) (Gorman, J.) ("Because each Debtor here has an undivided interest in the whole ... it is reasonable to allow one Debtor to claim an exemption in the whole."). Therefore, the citation lien did not attach to at least $4,000 in the joint account.

The question is whether Mrs. Tucker may assert her own wild card exemption to exempt the remaining $1,236, since she is not a judgment debtor. In In re Browning the spouses were joint debtors, and in the other Illinois cases dealing with exemptions in property held in joint tenancy, the joint owners were either joint debtors or the non-debtor owner had not claimed an exemption. The closest case is Christison v. Catton (In re Catton), 86 B.R. 561 (Bankr. C.D. Ill. 1998), in which Judge Altenberger ruled that a surviving spouse could only apply his own wild card exemption, and could not apply his deceased wife's exemption to the proceeds he received from her estate. Judge Altenberger noted that an "exemption is personal in nature and can only be asserted by or on behalf

---

[4] For example, the Movant does not argue that Mr. Tucker has already exceeded his $4,000 limitation by claiming other personal property as exempt.

of a debtor." Id. at 563 (citing In re Freund, 32 B.R. 622, 623 (Bankr. W.D. Wis. 1983)). However, In re Catton is distinguishable. First, the husband and wife debtors in that case had severed their joint tenancy in the real estate prior to the petition date when they conveyed the property to a land trust in which each spouse received "an undivided one-half beneficial interest in the land trust." Id. at 561. Second, In re Catton dealt with the purported exemption of a deceased spouse, not a living spouse. The husband was attempting to assert his deceased spouse's exemption in the half-interest in the land that he received from his wife's estate against his own creditors. In contrast, Mrs. Tucker is asserting her own exemption in the joint account. The Court recognizes that a transferee of property should not be allowed to assert a transferor's exemption against the transferee's creditors. But, that is because a transferor no longer has an interest in the property. In contrast, here there has been no transfer, and Mrs. Tucker is asserting her own exemption to protect her own interest in property. There is little case law on this issue because it is an unusual situation. Normally, two parties will not have overlapping exemptions, because, even if they both have interests in property, they will have different interests. The same is not true for property held in joint tenancy, where two or more owners have a 'unity of interest' in undivided property.

To determine whether Mrs. Tucker can assert her own exemption, the Court first looks to the language of the statute to determine whether Mrs. Tucker is a "debtor" for purposes of 735 ILCS 5 §12-1001(b), and if so, if her claim of such exemption makes the account "exempt" for purposes of 735 ILCS §5/2-1402(m). The term "debtor" is not defined in Article 12 or Chapter 735 of the Illinois statutes. The term could be narrowly interpreted to only refer to a party who is personally liable on a monetary obligation, such as the term "judgment debtor," defined in the Wage Deduction

Act as "a person against whom a judgment has been obtained," 735 ILCS 5 § 12-801, or the term "debtor" in Article 5 of the Insurance Act, defined as "a borrower of money or a purchaser or lessee of goods, services, property, rights or privileges for which payment is arranged through a credit transaction." 215 ILCS 5 § 155.52(d). Under such a narrow reading, the term would only cover exemptions claimed by Mr. Tucker, since Mrs. Tucker was not personally obligated on the judgment. In contrast, the term could be broadly interpreted to cover both a party that is personally liable on a monetary obligation and a party who has an interest in property against which a creditor has asserted a right. For example, the term "debtor" is broadly defined in Article 9 of the Uniform Commercial Code to include any "person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor." 810 ILCS §5-9-102(28)(A) (West 2010). Since both spouses had ownership interests in the full account, this broader definition would pick up the wife's exemption, even though she was not personally obligated on the judgment.

Given the ambiguity in the statutory language, the Court finds that the term "debtor" as used in 735 ILCS 5 §12-1001 should be broadly interpreted, as in Article 9 of the UCC, to include any person having an interest in the collateral. First, the Seventh Circuit Court of Appeals has noted that "this circuit and the courts in Illinois have consistently held that personal property exemption statutes should be liberally construed in order to carry out the legislature's purpose in enacting them - to protect debtors." In re Barker, 768 F.2d 191, 195 (7th Cir. 1985). Second, the statute creating the citation procedure indicates a legislative intent to protect other parties with interests in collateral. 735 ILCS 5 §2-1402(g) provides that:

> [i]f it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed by any person, the court shall, as in garnishment

proceedings, permit or require the claimant to appear and maintain his or her right. The rights of the person cited and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings.

735 ILCS 5 §2-1402(g) (West 2010). This provision protects not only owners of property which might be in the mere possession of the judgment debtor, but also any party that has "any interest" in the property. The Court feels that this provision indicates an intent to protect the rights of joint owners. For example, the 7th Circuit Court of Appeals has held that this provision gave a non-debtor wife who owned real estate in joint tenancy with her husband a right to appear at the citation hearing and assert her rights to the rent proceeds of that property. U.S. v. Macchione, 309 Fed. Appx. 53, 2009 WL 270061, at *2 (7th Cir. Feb. 4, 2009). For similar reasons, the Court finds that Mrs. Tucker's valid exemption under 735 ILCS 5 §12-1001 makes the remainder of the funds in the account "exempt" for purposes of 735 ILCS §5/2-1402.

Additionally, there are strong policy reasons to support allowing non-debtor joint owners to assert their exemptions against a judgment lien. To read the statute otherwise would lead to the absurd result of giving greater protection from creditors to debtors than to non-debtors with no connection to or dealings with the creditor. While, as noted above, the Court agrees that a non-debtor holder of a joint account, by making funds in that account available to the debtor holder also makes such funds available to the debtor holder's judgment creditors, the Court does not agree that such non-debtor also thereby waives his or her exemptions on his or her own interest in the account. Such a holding would take away more rights from non-debtors than from debtors. For example, if Mrs. Tucker had been jointly liable on the judgment, she would have clearly been both a "debtor" under 735 ILCS 5 §12-1001 and a "judgment debtor" under 735 ILCS §5/2-1402, even under a

narrow interpretation of such terms, and could have asserted her wild card exemption in the account.[5]

The Court is also influenced by the fact that any victory the Movant gained by denying Mrs. Tucker her right to assert her exemption for purposes of attachment would likely only be temporary. Even if the Movant had a valid lien in a portion of the joint account under the Illinois statute, the Debtors could avoid such lien under Section 522(f) of the Bankruptcy Code.[6]  Section 522(f) provides that a "debtor may avoid the fixing of" a "judicial lien" on "an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C.A. § 522(f) (West 2010).  As discussed above, the entire joint account was exempted from the Debtors' estate for bankruptcy purposes.  The entire account is joint property of the two co-debtors, and the Debtors claimed exemptions in their bankruptcy schedules to cover the entire joint account.  The Debtors have not exceeded the combined $8,000 wild card exemption to which they are entitled under 735 ILCS 5 §12-1001(b) and Section 522(m), and no party objected to their claimed exemptions.  Therefore, even if the Movant had a perfected lien in the $1,236 remaining after the application of the husband's wild card exemption under state law, the Movant's lien is a judicial lien which would impair the Debtors' exemptions under bankruptcy law.  Therefore, even if the Movant had a perfected lien, the Debtors would have the right to avoid the lien under Section 522(f).

---

[5] The Court emphasizes that this ruling only affects joint tenants, who share a uniform interest, and would not give rights to parties to assert an exemption in an interest in property they do not have. Therefore, a transferee could not normally assert an exemption of a transferor, and an owner of a 50% interest in property could not normally assert an exemption in the 50% interest he does not own.

[6] Additionally, the Movant's citation was served within 90 days of the petition, potentially making the perfection of such judgment lien a preferential transfer under Section 547. Presumably, the Trustee did not seek to avoid the judgment lien on the assumption that, since there were no non-exempt assets for the lien to attach to, the perfection did not enable the Movant "to receive more than" it would have under a Chapter 7 liquidation without the transfer.

## CONCLUSION

For the foregoing reasons, the Movant's motion is DENIED.

THEREFORE, IT IS ORDERED that

A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the

determinations reached herein.

DATE: <u>May 10, 2010</u>

The Honorable Manuel Barbosa
United States Bankruptcy Judge